THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN HARRIS, Appellant. [776 NYS2d 801]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 23, 2001, convicting defendant, after a jury trial, of murder in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 25 years to life, 15 years and 7 years, unanimously affirmed.

Even if we were to find that defendant was in custody and under interrogation when he made his initial incriminating remark, which preceded *Miranda* warnings, we would find that the record supports the court's finding of attenuation with respect to his subsequent, post-*Miranda* statements. Prior to the post-warnings statement to a detective, there was such a definite, pronounced break in the interrogation that defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning (*see People v Chapple*, 38 NY2d 112 [1975]). The pre-warnings incriminating remark was followed by a sufficient lapse of time, during much of which he was left asleep and undisturbed, and a change of interrogators. There is no evidence that the post-warnings statement to a detective was the inevitable result of the pre-warnings state-

ment, that the police used the pre-warnings statement to obtain the post-warnings statement, or that the police deliberately withheld warnings in order to obtain a preliminary statement that would lead to a later statement. Moreover, the statement which defendant made much later to an assistant district attorney was even further attenuated. Furthermore, there was no basis for suppression of defendant's lineup identification.

At trial, the court properly exercised its discretion in excluding evidence that was irrelevant to the voluntariness of defendant's confession or any other issue to be considered by the jury. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no impairment of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Saxe, Sullivan, Marlow and Gonzalez, JJ.